### 4035. WILLIAMS *v.* THE STATE.

1. In answer to a certified question from the Court of Appeals, the Supreme Court has instructed that so much of the act of August 18, 1911, amending the act creating the city court of Blakely, as provides that the judge of the superior court shall transfer to the city court, for trial, a true bill for a misdemeanor which has been returned by the grand jury in a case which originated in the city court, but in which, under the provisions of the amendatory act, a demand for an indictment was entered by the defendant, is unconstitutional and void. There was, therefore, no error in the present case in refusing to transfer the indictment to the city court, for trial.

2. The evidence fully authorized the verdict, and the motion for a new trial, based solely upon the general grounds, was properly overruled.

DECIDED JUNE 5, 1912.

Indictment for sale of liquor; from Early superior court—Judge Worrill. February 3, 1912.

*W. W. Wright,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold,* contra.

POTTLE, J. By the act approved August 18, 1911, amending the act creating the city court of Blakely, it is provided that upon the original call of any criminal case in that court, the defendant shall have a right to demand an indictment by the grand jury, and that such demand shall be allowed and the case referred to the grand jury for investigation, unless the defendant shall fail to give bond within five days, in which event the city court may proceed to try the case notwithstanding the demand for indictment. It was further provided in the act that "if the grand jury return a true bill for a misdemeanor in the matter, the judge of the superior court shall transfer the same to the city court for trial." Acts 1911, p. 229. The plaintiff in error was arraigned in the city court, and, upon the original call of the case, entered a demand for indictment by the grand jury. The demand was duly allowed, and a true bill was thereafter returned by the grand jury, charging the defendant with the unlawful sale of intoxicating liquors. Upon arraignment in the superior court under the indictment, the accused demanded that the case should be transferred to the city court for trial, basing his demand upon the above-recited provision of the act of 1911. The judge of the superior court declined to transfer the indictment to the city court, and his refusal to do so is made the basis of one of the assignments of error in the reviewing court. The accused was convicted, and his motion for new trial was overruled. The only assignment of error in the motion for new trial is that the verdict was without evidence to support it; but, in view of the fact that one of the witnesses for the State testified positively that on December 2, 1911, he and another person bought a half-pint of rye whisky from the accused, there is manifestly no merit in this assignment of error. Really the only point which counsel for the plaintiff in error insisted upon was that the trial judge erred in refusing to transfer the indictment to the city court for trial. This assignment of error involved a consideration of the constitutionality of the provision in the local amendatory act requiring the judge of the superior court to transfer the indictment to the city court for trial, and

this question was certified by the Court of Appeals to the Supreme Court for instruction, as required by the constitutional amendment creating this court. The Supreme Court has instructed the Court of Appeals that so much of the act of August 18, 1911, amending the act creating the city court of Blakely, as requires the judge of the superior court to transfer to the city court for trial all indictments in cases where accusations have been filed in the city court and demands for indictment have been made and allowed, is unconstitutional and void, in that it seeks to deprive the superior court of jurisdiction with which it is vested by the constitution of the State. It is well settled that the superior court may transfer to the city court any indictment charging a misdemeanor, but a law which seeks to make this act on the part of the court mandatory is unconstitutional and void. There was, therefore, no error in refusing to transfer the indictment in the present case, nor will the judgment overruling the motion for a new trial be disturbed.

*Judgment affirmed.*